THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **FREDDIE GADDIS** | ***** | **CIVIL ACTION NO. 07-1081** |
| **Versus** | ***** | **JUDGE JAMES** |
| **UNITED STATES OF AMERICA** | ***** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for lack of Subject Matter Jurisdiction and for Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants, the United States of America ("Defendant") (Doc. #5). The motion is opposed (Doc. #8). For reasons stated below, it is recommended that the motion be **GRANTED**, and this matter dismissed for lack of Subject Matter Jurisdiction.

On June 25, 2007, Plaintiff Freddie Gaddis ("Gaddis") filed a complaint in this Court alleging that Defendant is liable for personal injuries he allegedly sustained in a work-related accident on July 20, 1977, while working for Union Pacific Railroad Company (Doc. #1). Gaddis states in his complaint that he presented two administrative claims which the United States "Federal Agency" failed to act upon and therefore that this Court has subject matter jurisdiction over his claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2675. However, Union Pacific Railroad is clearly not an agency of the United States for any purpose, and particularly not for the purposes of the Federal Tort Claims Act ("FTCA"). Plaintiff's opposition to the motion argues that he has alleged diversity jurisdiction in his complaint; however, personal injury suits against the

United States, the only defendant named in the suit, may only be brought pursuant to the Federal Tort Claims Act. In the absence of a Federal Agency involved in the incident complained of, there is no basis for a claim against the United States. Moreover, because Gaddis alleges in his complaint that the incident giving rise to his claims occurred on July 20, 1977, any claims Gaddis might have had are clearly prescribed;[1] therefore, even though Gaddis is acting pro se, it would be futile to allow him an opportunity to amend his complaint prior to dismissing it.

For the reasons stated above, it is recommended that the motion to dismiss be **GRANTED and this matter dismissed without prejudice** for lack of subject matter jurisdiction. Finally, as this court lacks subject matter jurisdiction over Gaddis' claims, it is recommended that the court take no action on Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under the provisions of 28 U.S.C. §636(b)(1)(C)and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

[1]The FTCA has a two-year statute of limitations. *McLaurin v. U.S.*, 392 F.3d 774, 782 (5th Cir. 2004); 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim."). Under Louisiana law, the plaintiff fares no better, as tort claims in Louisiana carry a one year prescriptive period.

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of July 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE