

RECEIVED
IN MONROE, LA
NOV 3 0 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FREDDIE C. GADDIS | CIVIL ACTION NO. 07-1081 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED STATES OF AMERICA | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

On June 25, 2007, Plaintiff Freddie Gaddis ("Gaddis") filed a Complaint alleging that he sustained a work-related injury on July 20, 1977, while working for Union Pacific Railroad Company. [Doc. No. 1]. On August 22, 2007, this Court adopted the Report and Recommendation of the Magistrate Judge [Doc. No. 11], which recommended dismissing Gaddis's Complaint for lack of subject matter jurisdiction. Now before the Court is Gaddis's Motion for Relief from the Judgment [Doc. No. 15]. In his motion, Gaddis urges the Court to reconsider its decision to dismiss his claim. Id.

In his original Complaint, Gaddis claimed that this Court has subject matter jurisdiction "pursuant to 28 U.S.C. § 1346 of the Federal Tort Claims Act." That statute grants this Court original jurisdiction over certain claims "against the United States." See e.g. 28 U.S.C. § 1346(a)(2) ("The district courts shall have original jurisdiction . . . [over] [a]ny other civil action or claim against the United States."). Gaddis's Complaint, however, does not actually contain allegations of wrongdoing by the United States.

Although Gaddis named the "United States of America" as the sole defendant, the substance of his Complaint alleges that he was injured in 1977 while working for Union Pacific Railroad Company. Thus, this Court dismissed Gaddis's Complaint because the Federal Tort Claims Act does not grant this Court jurisdiction over Union Pacific Railroad.

Gaddis filed his instant Motion for Relief from the Judgment over a month after judgment was entered. Under Rule 59(e) of the Federal Rules of Civil Procedure, a party must file a motion to alter or amend a judgment no later than 10 days after entry of the judgment. On the other hand, Federal Rule 60(b) permits a party to petition a court for relief from judgment "within a reasonable time." Fed. R. Civ. P. 60(b). Thus, the Court will treat Gaddis's motion as a Rule 60(b) motion for relief from judgment.

Under Rule 60(b) of the Federal Rules of Civil Procedure, Gaddis must establish that he is entitled to relief from judgment for one of the five reasons specified in that rule. Gaddis has not argued that he is entitled to relief for any of the specified reasons. Furthermore, the Court finds that none of those reasons for awarding relief from judgment apply. Therefore,

IT IS HEREBY ORDERED that Gaddis's Motion for Relief from Judgment [Doc. No. 15] is DENIED.

MONROE, LOUISIANA, this 30 day of November, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE